USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/29/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLAUDE O. POWELL, JR.,

          Plaintiff,

-against-

NEW YORK CITY COMPTROLLER,

          Defendant.

23-cv-10095 (MKV)

**ORDER OF DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

    Claude O. Powell, Jr. ("Powell"), proceeding *pro se*, asserts claims against the New York City Comptroller (the "Comptroller"). The Court liberally construes Powell's claims as arising under 42 U.S.C. § 1983 and related state laws. For the following reasons, the complaint is dismissed.

## BACKGROUND

    Powell invokes the Court's federal question jurisdiction and alleges a violation of his "civil rights." Complaint I.A [ECF No. 1] ("Compl.").[1] Powell alleges that the events at issue occurred on July 19, 2021, at his apartment in New York, New York. Compl. III. In the section titled "Facts," Powell lists only the following: "False Arrest," "Failure to Act," and "Failure to Intervene." Compl. III. Powell alleges that he experienced "Pain & Suffering," "illegal eviction," and "mental anguish." Compl. III. He seeks $400 million in damages. Compl. IV. Liberally construing the allegations of the Complaint, Powell appears to allege claims arising under Section 1983 and/or related state laws.[2]

---

[1] Powell paid the filing fee to bring this action.

[2] Powell has filed four other *pro se* actions pending before this Court. *See Powell v. N.Y.C. Comptroller*, 1:23-cv-4615; *Powell v. N.Y.C. Comptroller*, 1:23-cv-4616; *Powell v. New York State/Housing Court*, 1:23-cv-4617; *Powell v. N.Y.C. Comptroller*, 1:23-cv-4618.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when a plaintiff has paid the filing fee, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 1(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court may *sua sponte* dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (cleaned up). The Court must, however, construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (cleaned up).

A complaint must contain "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating whether a claim is plausible, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action." *Id.*

**DISCUSSION**

I.     **The Complaint Fails to State a Claim**

The Complaint is entirely devoid of factual allegations. Powell baldly asserts that he experienced "False Arrest," "Failure to Act," and "Failure to Intervene," but fails to allege any facts whatsoever to explain what purportedly happened. Moreover, Powell fails to explain how the Comptroller was directly or personally involved in any alleged violation of his civil rights. *See*

2

*Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). Because Powell does not articulate a viable legal claim, the Court dismisses the Complaint for failure to state a claim on which relief may be granted.

## II. Powell is Granted Leave to Amend

Rule 15 instructs the Court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Moreover, a *pro se* complaint "should not be dismissed without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (cleaned up). Because Powell conceivably may be able to state a claim for a violation of his civil rights, he is granted leave to amend his complaint.

If Powell chooses to file an amended complaint, he must provide a short and plain statement of the relevant facts supporting each claim asserted against the Comptroller. Powell should include all of the information that he wants the Court to consider in deciding whether the amended complaint states a claim for relief, such as:

- the names and titles of all relevant people;
- a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;
- a description of the injuries Powell suffered; and
- the relief Powell seeks, such as money damages or injunctive relief.

### III.   Powell is Cautioned Against Duplicative Litigation

From the minimal information provided in the Complaint, it appears that this action may be predicated on the same allegations at issue in three other actions Powell has already filed in this Court. *See supra* note 2. Those other actions assert the same or similar causes of action against the same Defendant named in this Complaint. In amending his Complaint, Powell is reminded that he may not simply repeat his allegations from other complaints. Further, Powell is on notice that the filing of multiplicitous and baseless litigation may result in a filing injunction. *See Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.") (cleaned up); *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." (cleaned up)).

### CONCLUSION

The claims under 42 U.S.C. § 1983 are dismissed for failure to state a claim on which relief can be granted. The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction with respect to any state law claims.

Powell is granted leave to file an amended complaint that complies with the standards set forth above. Powell must submit the amended complaint to this Court's *Pro Se* Intake Unit within 30 days of the date of this Order, caption the document "Amended Complaint," and label the document with docket number 23-cv-10095 (MKV). If Powell fails to file an amended complaint within the time allowed, and he cannot show good cause to excuse such failure, <u>this action will be dismissed</u>.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Date:  **November 29, 2023**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**